Jasen, J. (dissenting).
I agree with the dissenting Justices at the Appellate Division that the judgment of the trial court denying the plaintiff a divorce from the defendant on the ground of adultery should be reversed, as a matter of law.
*867 To establish adultery by circumstantial evidence, the plaintiff need only show a lascivious desire and the opportunity to gratify it. (Kay v. Kay, 235 App. Div. 25.) The court, considering the circumstances as a whole, must be convinced that the parties’ acts are more consistent with guilt than innocence and cannot refuse to give the circumstances their plain and natural meaning. (Trumpet v. Trumpet, 215 N. Y. S. 2d 921, 924.) The fact that no one saw the act is, of course, unimportant for such actions are usually clandestine and out of the public view. (Moller v. Moller, 115 N. Y. 466, 468.)
Under the circumstances and facts, any conclusion other than adultery is simply incredible. The opportunity was certainly created by living in the correspondent’s one-family household for four months; and the inclination is demonstrated by the inconsistencies in defendant’s testimony, her frequent expression of attachment for the correspondent, their social appearances together, and the taking of contraceptive pills while living in his house.
I would reverse the order of the Appellate Division and remand to the Supreme Court to reconsider the issue of custody.
Order affirmed.